IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS COMBINED FUNDS, INC., By JAMES R. KLEIN, Administrator, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Civil Action No. |
| | ) | |
| KELLY SYSTEMS, INC. and NOVINGER GROUP, INC., | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

1.      This lawsuit arises out of Defendants' attempt to avoid collective bargaining obligations to the Plaintiff Carpenters Combined Funds, Inc. ("Funds")

2.      Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145; ERISA §404(b),  29 U.S.C. §1104(b); ERISA §406, 29 U.S.C. §1106; ERISA §409, 29 U.S.C. §1109; and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Defendants' failure to pay fringe benefit contributions in violation of certain collective bargaining agreements ("CBAs") entered into with the Greater Pennsylvania Regional Council of Carpenters and its affiliated local unions (hereinafter "Union"), an employee organization.

3.      Plaintiff Funds is a Pennsylvania non-profit corporation which maintains its principal place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

4.      Plaintiff administers various fringe benefit funds and is a collection agent for such funds, as well as certain employer associations and unions.  James R. Klein is the Administrator of such Funds.

5.      The trustees of such funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff as their agent for the

collection of contributions payable to such funds on behalf of their trustees, participants, and beneficiaries.

6.      Kelly Systems, Inc. ("Kelly Systems") is a Pennsylvania corporation with its principal office and place of business at 1441 Stoneridge Drive, Middletown, PA  17057.

7.      Novinger Group, Inc. ("Novinger Group") is a Pennsylvania corporation that also maintains its principal office and place of business at 1441 Stoneridge Drive, Middletown, PA 17057.

8.      Novinger's, Inc. ("Novinger's") is a Pennsylvania corporation that also maintains its principal office and place of business at 1441 Stoneridge Drive, Middletown, PA  17057.

9.      The Novinger Group is the parent company of both Novinger's and Kelly Systems.

10.     At all times material:

   (a)      James Novinger has been the sole or majority owner of Novinger's, the Novinger Group, and Kelly Systems (collectively the "Companies");

   (b)      James Novinger has controlled the operations of the Companies such that these entities have had the same or substantially similar management, and, according to filings with the Commonwealth of Pennsylvania, Mr. Novinger is the President and Treasurer of the Companies;

   (c)      The Companies have centralized control of their labor relations through James Novinger's ownership and positions with all three entities; through his ability to set the wages and other terms and conditions of employment; through the coordination and control of labor relations through the Companies' common management and ownership; through Mr. Novinger's control over anyone else in the Companies who was nominally in charge of labor relations; and through the interchangeability of workers at the Companies; all of this resulting in a limitation on each Company's ability to act independently with regard to labor relations;

   (d)      The Companies are headquartered at 1441 Stoneridge Drive, Middletown, PA  17057;

(e)     The Companies share the same business purpose of obtaining and completing commercial and/or residential carpentry projects;

(f)     The Companies have engaged in the same or substantially similar operations;

(g)     The Companies have utilized substantially the same or similar vehicles, tools and equipment, and have utilized the same building, same warehouse, and same estimators;

(h)     The Companies have had substantially the same or similar customers;

(i)     The Companies have worked on the same projects; and

(j)     There has been an absence of separate identity of the Companies' work forces, with some employees working for multiple Companies.

11.     Novinger's entered into consecutive CBAs pursuant to which it was obligated to submit certain monthly fringe benefit contributions to Plaintiff, including, but not limited to, amounts for pension and medical benefits.  See Sections XV-XXIII of the parties' 2008-2012 CBA and XV-XX of the parties' 2012-2015 CBA, copies of which are attached as **Exhibits A** and **B.**  Furthermore, Section XV of the CBAs bound Novinger's to the terms and provisions of the trust agreements covering such plans for the benefit of employees covered under such CBAs.  Attached as **Exhibit C** is a copy of Novinger's Joinder Agreement and Addendums that it signed with regard to the CBAs.

## COUNT I -- SINGLE EMPLOYER LIABILITY

12.     All of the previous paragraphs are hereby incorporated by reference.

13.     Novinger Group operates Kelly Systems as a non-union entity, and it directed work to such non-union entity, rather than Novinger's, so that it could avoid dealing with the Union and avoid paying amounts that it would otherwise have owed to the Funds pursuant to its

CBAs.

14.     As evidenced by the foregoing, there is an absence of arms-length dealings between the Companies, including functional integration of operations; common management; centralized control of labor relations; and common ownership.

15.     By virtue of the acts and conduct described above, Kelly Systems, Novinger Group, and Novinger's are part of a single integrated enterprise so that, in essence, there is one single employer.  Additionally, the employees of Kelly Systems, Novinger Group, and Novinger's constitute a single appropriate bargaining unit.  As a result, Kelly Systems and the Novinger Group are bound by the terms of Novinger's CBAs.

16.     Accordingly, Kelly Systems and the Novinger Group are liable for the fringe benefit contributions and wage deductions due and owing to the Plaintiff Funds under the CBAs as a result of Kelly Systems and the Novinger Group's covered work from September 2010 to the present.

17.     Defendants Kelly Systems and the Novinger Group's failure to timely pay their obligations to Plaintiff Funds has caused the Plaintiff to suffer loss of investment income and additional administrative expenses and has resulted in less monies being available to provide pension, medical and other fringe benefits to beneficiaries and their families.

18.     The estimated principal delinquency exceeds two million dollars.  In addition, under the CBAs and ERISA, interest and contractual/liquidated damages plus attorneys' fees and costs are due Plaintiff.

## COUNT II -- ALTER EGO LIABILITY

19.     All of the previous paragraphs are hereby incorporated by reference.

20.     Novinger Group operates Kelly Systems as a non-union entity, and it directed work to such non-union entity, rather than Novinger's, so that it could avoid dealing with the

Union and avoid paying amounts that it would otherwise have owed to the Funds pursuant to its CBAs.

21.     As evidenced by the foregoing, the Companies have substantially identical ownership, management, business purposes, operations, equipment, customers, and supervision.   They are, essentially, the same business in the same market.

22.     By virtue of the acts and conduct described above, Defendants Kelly Systems and Novinger Group are the alter egos of Novinger's and are bound by the terms of Novinger's CBAs.

23.     Accordingly, Kelly Systems and the Novinger Group are liable for the fringe benefit contributions and wage deductions due and owing to the Plaintiff Funds under the CBAs as a result of Kelly Systems and the Novinger Group's covered work from September 2010 to the present.

24.     Defendants Kelly Systems and the Novinger Group's failure to timely pay their obligations to Plaintiff Funds has caused the Plaintiff to suffer loss of investment income and additional administrative expenses and has resulted in less monies being available to provide pension, medical and other fringe benefits to beneficiaries and their families.

25.     The estimated principal delinquency exceeds two million dollars.  In addition, under the CBAs and ERISA, interest and contractual/liquidated damages plus attorneys' fees and costs are due Plaintiff.

### COUNT III -- JOINT EMPLOYER LIABILITY

26.     All of the previous paragraphs are hereby incorporated by reference.

27.     Plaintiff believes that Novinger Group and Kelly Systems are alter egos of Novinger's and/or that the three companies constitute a single employer, for the reasons set forth supra.

- 5 -

28.     In the alternative, even if the Companies are determined to be separate entities, nevertheless, they share or co-determine matters governing the terms and conditions of employment.  These matters include hiring and firing; employee discipline; wages, insurance and records; day-to-day supervision of employees; and participation in collective bargaining. Each Company therefore exerts significant control over the employees of the other nominally independent Companies.

29.     Additionally, as set forth supra, Novinger Group operates Kelly Systems as a non-union entity, and it directed work to such non-union entity, rather than Novinger's, so that it could avoid dealing with the Union and avoid paying amounts that it would otherwise have owed to the Funds pursuant to its CBAs.

30.     By virtue of the acts and conduct described above, Kelly Systems, Novinger Group, and Novinger's should be considered to be joint employers and therefore all are responsible for contributions required by the CBAs.

31.     Accordingly, Kelly Systems and the Novinger Group are liable for the fringe benefit contributions and wage deductions due and owing to the Plaintiff Funds under the CBAs as a result of Kelly Systems and the Novinger Group's covered work from September 2010 to the present.

32.     Defendants Kelly Systems and the Novinger Group's failure to timely pay their obligations to Plaintiff Funds has caused the Plaintiff to suffer loss of investment income and additional administrative expenses and has resulted in less monies being available to provide pension, medical and other fringe benefits to beneficiaries and their families.

33.     The estimated principal delinquency exceeds two million dollars.  In addition, under the CBAs and ERISA, interest and contractual/liquidated damages plus attorneys' fees and costs are due Plaintiff.

- 6 -

WHEREFORE, Plaintiff demands the following relief against Kelly Systems and the Novinger Group:

(a)  For a money judgment in favor of Plaintiff and against Kelly Systems and Novinger Group in an amount to be determined at trial, plus additional interest, contractual/liquidated damages, attorneys' fees, and costs of suit;

(b)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(c)  For such other and further relief as the Court may deem just.

TUCKER ARENSBERG, P.C.

*s/ Neil J. Gregorio*
Jeffrey J. Leech
PA I.D. No. 19814
Neil J. Gregorio
PA I.D. No. 90859
Brendan R. Delaney
PA I.D. No. 92035

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff
Carpenters Combined Funds, Inc.

LIT:574700-8 010342-159069

- 7 -